IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| PANAMA CITY BEACH CONDOS<br>LIMITED PARTNERSHIP, a Delaware<br>Limited Partnership, | *<br>*<br>*<br>* | |
| Plaintiff, | *<br>* | |
| vs. | * | No. 3:07MC0002 SWW |
| | *<br>* | |
| AXIS SURPLUS INSURANCE CO.,<br>an Alabama Corporation, | *<br>*<br>* | |
| Defendant. | * | |

ORDER

On March 9, 2007, plaintiff Panama City Beach Condos Limited Partnership ("Panama City") filed a motion to hold non-party GAB Robins North America, Inc. ("GAB") in contempt of Court for failing to obey a subpoena issued by this Court, compelling GAB to produce documents sought in this case which is pending in the United States District Court for the Northern District of Florida, Panama City Division. The case involves a claim for hurricane damages, and Panama City seeks documents from GAB, the general adjuster for defendant Axis Surplus Insurance Company ("Axis").

In response to Panama City's motion to hold GAB in contempt, GAB and Axis filed a joint motion to quash the subpoena/motion for protective order. GAB and Axis also filed a joint motion to transfer venue or, in the alternative, to grant leave for Axis to file its motion to quash the subpoena in the Northern District of Florida. Panama City responds that although this Court is responsible for the enforcement of the subpoena issued in its name, *see* Fed.R.Civ.P. 45(a)(2) advisory committee notes to 1991 amendments, in light of GAB's request to transfer venue, it is within the Court's

discretion to transfer the dispute to the Northern District of Florida. Panama City consents to the transfer, agreeing that the interests of judicial economy will be served best by transferring this matter to the district court where this action has been pending for about seven months.

The Court finds it is in the interests of judicial economy to transfer this matter to the Northern District of Florida, Panama City Division. Therefore, the joint motion to transfer [docket entry 7] is granted, and the motion for contempt [docket entry 1] and motion to quash [docket entry 9] are deferred to such court.

SO ORDERED this 18th day of April 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE